IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00550-MOC-DSC

| | |
|---|---|
| GERARD P. LUX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION AND ORDER** |
| | ) |
| CADMUS SUPPLEMENTAL | ) |
| EXECUTIVE RETIREMENT PLAN | ) |
| AND CENVEO CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on "Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. Pr. 12(b)(1)" (document #20) filed November 30, 2012, and the parties' associated briefs and exhibits. (See documents # 21, 22 and 23).

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motion to Dismiss be <u>granted</u>, as discussed below.

## I.    PROCEDURAL AN FACTUAL BACKGROUND

On June 25, 2010, Cenveo Corporation ("Cenveo") commenced a lawsuit in the United States District Court for the District of South Carolina, Spartanburg Division (the "South Carolina Federal Action"). Cenveo alleged that Plaintiff, acting with Copac, Inc. ("Copac"), his new employer with corporate headquarters in South Carolina, as well as with several former

1

Cenveo employees, engaged in tortious and other wrongful conduct against Cenveo. On May 11, 2011, Cenveo filed a related action in the Spartanburg County Court of Common Pleas ("State Court Action"), against Copac Global Packing, Inc. ("CGP"). On May 23, 2011, Plaintiff, as well as the other defendants, moved to dismiss the South Carolina Federal Action for failure to name CGP as an indispensable party. The South Carolina District Court granted the motion to dismiss by Order dated August 15, 2011.

On August 17, 2011, Cenveo filed a Motion to Amend the Complaint in the State Court Action to add Plaintiff and others as defendants. On September 22, 2011, Plaintiff filed several counterclaims against Cenveo in the State Court Action. The counterclaims allege that Cenveo failed to pay Plaintiff under certain executive compensation or benefits plans, specifically, Cenveo's Management Incentive Plan and Cadmus' Employee Retention Agreement. In the State Court Action, Plaintiff did not allege that Cenveo owed him any monies under the Cadmus Supplemental Executive Retirement Plan. ("SERP Plan"), which is the subject of this Declaratory Judgment action.

On August 23, 2012, Plaintiff filed this Declaratory Judgment action. (Doc. 1). As alleged in the Verified Complaint, Plaintiff worked in Charlotte, North Carolina for twenty-six years. (Id. ¶ 13.) He worked for Cadmus Communications Corporation, and then for Cenveo Corporation after the two companies merged. (Id.) During that time, Plaintiff participated in the Cadmus Supplemental Executive Retirement Plan. ("SERP Plan") (Id. ¶¶ 9, 13.) This plan affords certain retirement benefits beginning at a participant's separation from service or at age fifty-five, whichever is later. (55). (Id. ¶¶ 15, 23.) The SERP Plan is an unfunded deferred compensation plan and this action arises under the Employee Retirement Income Security Act of 1974 ("ERISA").

Plaintiff is now fifty-five (55) years old. In response to Plaintiff's preliminary inquiries, Cenveo asserted two different reasons why he is not entitled to benefits under the SERP Plan. The first is that Plaintiff forfeited his benefits under paragraph 5.2 of the Plan by competing against Cenveo (the "Competition Forfeiture Rationale"). (Id. ¶¶ 29-30.) The second is that Cenveo claims to have "exercise[d] its equitable rights of setoff and recoupment" against Plaintiff's SERP benefits, based on claims it has pending against him in South Carolina (the "Setoff Rationale").

Plaintiff seeks to obtain a ruling from this Court that the "Competition Forfeiture Rationale" and the "Setoff Rationale" are both invalid, and that he is thus entitled to retirement benefits under the SERP Plan. (Id. at 9.)

In their Motion to Dismiss, Defendants argue that the Court should exercise its discretion and abstain from hearing this Declaratory Judgment action. Defendants assert that the dispute should be tried in in the pending State Court Action where similar claims by Plaintiff have been adjudicated for over a year. Plaintiff argues that the claims in the State Court Action are neither similar nor parallel to the claims brought in this Action and that neither of his claims should require this Court to address any factual or legal issue in dispute in the State Court Action. The Motion to Dismiss has been fully briefed and is now ripe for review.

## II. STANDARD OF REVIEW

Under the Declaratory Judgment Act, a district court, in a case or controversy otherwise within its jurisdiction, "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Supreme Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the

litigant.'" Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995) (quoting Pub. Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 241 (1952)).

As an initial matter, "a declaratory judgment action is appropriate 'when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and ... when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.' " Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 256 (4th Cir. 1996) (quoting Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir.1937)).

A declaratory judgment, however, "should not be used 'to try a controversy by piecemeal, or to try particular issues without settling the entire controversy, or to interfere with an action which has already been instituted.'" Id. at 256–57. A district court's discretion "is especially crucial when . . . a parallel or related proceeding is pending in state court." Riley v. Dozier Internet Law, PC, 371 F. App'x 399, 401 (4th Cir. 2010) (quoting New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 297 (4th Cir. 2005)). "In such cases, district courts have 'wide discretion' to decline jurisdiction." Id. at 401-02 (citing Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 257 (4th Cir. 1996)). Finally, courts are guided by "the same consideration of federalism, efficiency, and comity that traditionally inform a federal court's discretionary decision whether to abstain from exercising jurisdiction over state-law claims in the face of parallel litigation in the state courts." Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 376 (4th Cir. 1994), abrogated on other grounds by Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 257-58 (4th Cir. 1996).

These concerns led the Fourth Circuit to require the consideration of four factors, often known as the "Nautlius" factors, when deciding whether to hear a declaratory judgment action when there is a related state court proceeding:

> (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; and (4) whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping.

New Wellington Financial Corp. v. Flagship Resort Development Corp., 416 F.3d 290, 297 (4th Cir. 2005)(quoting United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 493 (4th Cir. 1998)).

### III.  DISCUSSION

As discussed more fully below, the Nautilus factors support this Court's declining to hear the present Declaratory Judgment action.

**A. South Carolina's Interest**

The first Nautilus factor addresses the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts. The undersigned finds that South Carolina does not have a particularly strong interest in deciding a claim brought under ERISA. To the extent that state law applies to the SERP, the plan is governed by the law of Virginia and not South Carolina. South Carolina does have an interest in determining whether Plaintiff engaged in tortious and anti-competitive conduct in the state while employed as the Chief Executive Officer of Copac, Inc., a South Carolina company and competitor of Cenveo. Plaintiff's conduct will be a significant issue in determining whether he is entitled to certain compensation and benefits from Cenveo in light of such conduct. Therefore, South Carolina does have a strong interest in this action.

B.  **Efficiency**

In considering the efficiency factor, a district court should determine "whether the questions in controversy between the parties to the federal suit ... can better be settled in the proceeding[s]' that are already 'pending in the state court[s]." Nautilus, 15 F.3d at 378 (quoting Brillhart v. Excess Ins. Co., 316 U.S. 491, 495 (1942)).  The State Court Action was filed before this action.  Discovery is ongoing and the State Court Action is much further along than the federal action, creating a real efficiency advantage in allowing all the related issues to be adjudicated in the State Court Action.

Plaintiff argues that this case does not involve overlapping issues and that requiring him to proceed in the South Carolina court would cause pointless delay.  The undersigned disagrees.  This Court would have to resolve factual issues surrounding Plaintiff's alleged competition and whether his actions triggered the forfeiture provisions under the SERP Plan.  This Court would also have to resolve factual issues regarding Plaintiff's allegedly tortious conduct in connection with Defendants' anticipated defenses of waiver, estoppel and unclean hands.  If the Court allows this action to proceed, the litigation would proceed in  piecemeal fashion.  This Court would litigate issues involving the SERP Plan while leaving many other claims for the state court  The efficiency factor weighs in favor of the pending State Court Action.

C.  **Entanglement**

The third factor requires the district court to determine whether the state and federal actions present "overlapping issues of fact or law." Nautilus, 15 F.3d at 377 (quoting Mitcheson v. Harris, 955 F.2d 235, 239 (4th Cir.1992)). In Mitcheson, the court held that dismissal of the declaratory judgment action was appropriate because overlapping issues of fact and law would have "'frustrate[d] the orderly progress' of the state court proceedings by leaving the state court

with some parts of a case foreclosed from further examination but still other parts in need of full scale resolution." 955 F.2d at 239 (quoting <u>Phoenix Ins. Co. v. Harby Marina, Inc.</u>, 294 F.Supp. 663, 664 (N.D.Fla.1969)). In <u>Hartford Casualty Insurance Company v. BB&T Financial Corporation</u>, 131 F.Supp.2d 752 (W.D.N.C. 2001), this Court held as follows:

> The second and third [Nautilus] factors, along with the prohibition against trying a controversy by piecemeal, are particularly salient. While it is true that this Court could efficiently adjudicate the rights and responsibilities between [the parties to this action], the rights of all of the parties involved in the underlying dispute can be resolved in the single action now pending in South Carolina state court.

<u>Id.</u> at 755.

Since Plaintiff's alleged tortious and anti-competitive conduct would be at issue in this case, it is clear that there would be overlapping issues of fact and law in both forums. Further, in the event that the State Court and this Court both find facts related to the issues above, "the common issues involved here could easily result in an unnecessary entanglement between the two tribunals." <u>Riley</u>, 371 F. App'x at 403. If this Court retained jurisdiction, it would have to resolve some of the same factual disputes that are before the State Court. Because of the near certainty of entanglement, this factor weighs in favor of the pending State Court Action.

### D. **Procedural Fencing**

Procedural fencing occurs when "a party has raced to federal court in an effort to get certain issues that are already pending before the state courts resolved first in a more favorable forum." <u>Riley</u>, 371 F. App'x. at 403 (quoting <u>Great Am. Ins. Co. v. Gross</u>, 468 F.3d 199, 212 (4th Cir. 2006)). Plaintiff argues that his rights under the SERP plan did not even arise until more than six months after he plead his counterclaims in the State Court Action and that he is simply seeking a declaration of his rights under a plan governed by ERISA. The undersigned agrees that the issues involved in this action are not part of the State Court Action. That being

7

said, the underlying State Court Action will involve litigation of the same issues that this Court has been asked to resolve. Plaintiff may raise his claim for benefits under the SERP Plan as an additional counterclaim in the State Court Action. Given the pendency of the state proceedings and the overlapping issues involved in those proceedings, the undersigned concludes that the filing of this action may arguably constitute procedural fencing.

Therefore, applying the four Nautilus factors to the instant case, the undersigned respectfully recommends that the Court should, in its discretion, abstain from exercising jurisdiction over the instant Declaratory Judgement action and grant Defendant's Motion to Dismiss.

## IV. ORDER

IT IS ORDERED that all further proceedings in this action, including all discovery, are STAYED pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## V. RECOMMENDATION

FOR THE FOREGOING REASONS, the undersigned respectfully recommends that "Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. Pr. 12(b)(1)" be GRANTED.

## VI. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16

(4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the parties' counsel; and to the Honorable Max O. Cogburn, Jr.

**SO ORDERED AND RECOMMENDED**.

Signed: February 5, 2013

David S. Cayer
United States Magistrate Judge